UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CONTINENTAL HOLDINGS, INC.** | **CIVIL ACTION NO. 09-595** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LIBERTY MUTUAL INSURANCE COMPANY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court are Motions for Summary Judgment [Doc. Nos. 26 & 40] filed by Defendants Liberty Mutual Insurance Company ("Liberty") and American Motorists Insurance Company ("AMICO") against Plaintiff Continental Holdings, Inc. ("Continental").[1] For the following reasons, Defendants' motions are GRANTED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This case asks whether insurers under primary workmen's compensation and employers' liability ("WC/EL") policies have a duty to defend and indemnify claims brought by current and former employees of a company for alleged hearing loss caused by continuous long-term exposure to industrial noise.

From 1964 to 1973, Continental purchased WC/EL policies from Liberty and, from 1973 to 1983, purchased materially indistinguishable WC/EL policies from AMICO. The WC/EL policies define a "bodily injury by accident" and a "bodily injury by disease" as follows:

> The contraction of disease is not an accident within the meaning of the word 'accident' in the term 'bodily injury by accident' and only such disease as results directly from a bodily injury by accident is included within the term 'bodily injury

---

[1] The Court will refer to Continental Can Company, Inc. and its successor-in-interest, Plaintiff Continental Holdings, Inc., as "Continental."

> by accident.' The term 'bodily injury by disease' includes only such disease as is not included within the term 'bodily injury by accident.'

[Doc. No. 26-2, pp. 3 & 7]. The WC/EL policies do not provide coverage for a "bodily injury by disease unless prior to thirty-six months after the end of the policy period [a] written claim is made or suit is brought against the insured for damages." *Id*.

On February 18, 2009, eighty-one current and former employees of a paper mill owned by Continental filed suit against Continental in the Second Judicial District Court, Parish of Jackson, Louisiana ("*Bell* suit"). *See Bell v. Level 3 Commc'ns, LLC*, No. 31,663. The plaintiffs alleged that they suffered bodily injury in the form of hearing loss caused by occupational exposure to hazardous industrial noise at the paper mill from approximately 1942 through 1983. [Doc. No. 1-4]. The plaintiffs further alleged that "the hearing loss suffered . . . was invisible, painless, and occurred gradually over a long period of time as the result of . . . continuous long term exposure to hazardous industrial noise at [Continental's] facility." *Id*. AMICO participated in Continental's defense of the *Bell* suit but reserved its right to deny coverage in the future and to withdraw from the defense of some or all of the plaintiffs' claims. Liberty, on the other hand, did not participate in Continental's defense and denied that it had a duty to defend and indemnify Continental as to the plaintiffs' claims.

On April 9, 2009, Continental filed suit against Defendants seeking damages for Liberty's refusal to defend the *Bell* suit and a declaratory judgment that Defendants have a duty to defend and indemnify Continental in the *Bell* suit.

On July 24, 2009, Continental filed a Motion for Partial Summary Judgment [Doc. No. 15] asserting that Liberty has a duty to defend Continental in the *Bell* suit.

On August 7, 2009, Liberty filed a Cross Motion for Summary Judgment [Doc. No. 26]

asserting that it does not owe Continental a duty to defend the *Bell* suit or a duty to indemnify Continental for damages awarded in the *Bell* suit. On August 21, 2009, AMICO joined Liberty's motion and filed its own nearly identical Motion for Summary Judgment. [Doc. No. 40].

On September 29, 2009, this Court stayed this case pending a Fifth Circuit decision on a Western District of Louisiana ruling in *Bridgestone Firestone N. Am. Tire, LLC v. Liberty Mut. Ins. Co.*, No. 08-151 (W.D. La. April 20, 2009).

On June 17, 2010, the Fifth Circuit issued its decision in *Bridgestone*, and the Court reopened the parties' motions and allowed the parties to file supplemental briefs by September 13, 2010. *Bridgestone Firestone N. Am. Tire, LLC v. Liberty Mut. Ins. Co.*, No. 09-30422, 381 F. App'x 467, 2010 WL 2465031 (5th Cir. June 17, 2010). Continental indicated to the Court that it was no longer seeking summary judgment, but filed a supplemental memorandum in opposition to Defendants' motions. [Doc. Nos. 68 & 70]. Defendants filed supplemental memoranda in support of their motions. [Doc. No. 71 & 72].

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

    **B.**    **Duty to Defend and Indemnify**

Defendants assert that they have no duty to defend or indemnify Continental in the *Bell* suit because, under Louisiana law, hearing loss caused by long-term exposure to industrial noise is a "bodily injury by disease" within the meaning of the WC/EL policies.

This case is materially indistinguishable from the recent Fifth Circuit decision in *Bridgestone*. *See* 2010 WL 2465031. In *Bridgestone*, "former employees of Bridgestone Firestone ('Firestone') filed suit (hereinafter the *Blackwell* suit) against Firestone for damages related to hearing loss which allegedly arose from exposure to loud noise in the plant where they worked throughout the course of their employment." *Id*. at *1. "In their complaint, the *Blackwell* plaintiffs did not point to one specific event which caused their injuries . . . ." *Id*. Firestone settled the *Blackwell* plaintiffs' claims then sued several insurers that sold it WC/EL policies, "claiming its insurers failed to honor their defense and indemnity obligations under their respective policies." *Id*.

Firestone moved for summary judgment asserting that the *Blackwell* claims were covered under the WC/EL policies and that "the question of whether the *Blackwell* plaintiffs' claims

4

constituted claims for 'bodily injury by accident' or 'bodily injury by disease' was a legal issue to be determined based on the policies themselves and the claims asserted in the *Blackwell* petition." *Id*. The insurers argued that "they properly denied coverage for the *Blackwell* claims because hearing loss was not an 'accident' under their policies but a 'disease'[;] that their [WC/EL] policies clearly excluded coverage for 'bodily injury by disease' claims not brought within thirty-six months of the end of the policy period[;]" and that the *Blackwell* claims were brought after thirty-six months of the end of the relevant WC/EL policy periods. *Id*. The district court denied Firestone's motion and held that, under Louisiana law, the *Blackwell* plaintiffs' hearing loss was a bodily injury by disease and therefore the WC/EL policies provided no coverage. *Id*. The insurers then moved for summary judgment. *Id*. Firestone "offered a different theory of coverage than it had on partial summary judgment, now arguing that extrinsic evidence was required to interpret the policies." *Id*. The district court granted the insurers' motion, and Firestone appealed. *Id*.

On appeal, Firestone argued that "the district court incorrectly interpreted the insurance policy when it found that the *Blackwell* plaintiffs' hearing loss was not an 'accident' under" the WC/EL policies. *Id*. at *2. The Fifth Circuit held that, because "[a]ccording to the petition, [the *Blackwell* plaintiffs'] hearing was affected by the prolonged exposure to loud noises associated with their employment" and they did not experience a "sudden manifestation of hearing loss," under Louisiana law, the *Blackwell* plaintiffs' hearing loss was a bodily injury by disease within the meaning of the WC/EL policies. *Id*. at *5. Because the *Blackwell* plaintiffs brought their claims more than thirty-six months after the end of the relevant WC/EL policy periods, the insurers had no duty to defend or indemnify Firestone in the *Blackwell* suit. *Id*.

The WC/EL policies in this case are materially indistiguishable to those in *Bridgestone*.

Furthermore, the *Bell* and *Blackwell* plaintiffs alleged identical injuries caused by long-term exposure to industrial noise. Like in *Bridgestone*, under Louisiana law, the *Bell* plaintiffs' alleged hearing loss is a bodily injury by disease within the meaning of the WC/EL policies. It is undisputed that the *Bell* plaintiffs brought their claims more than thirty-six months after the end of the WC/EL policy periods. Therefore, Defendants had no duty to defend or indemnify Continental in the *Bell* suit.

Continental argues that it has a due process right to be heard and that this Court "has an obligation in this case to consider all of the relevant evidence, including medical evidence presented by Continental," when determining whether the *Bell* plaintiffs' alleged hearing loss is an injury by accident or disease. [Doc. No. 70, p. 4]. However, in *Bridgestone*, the Fifth Circuit specifically rejected this argument, stating that, because the WC/EL policies were clear and unambiguous, the district court did not err when it refused to consider extrinsic evidence proffered by Firestone. 2010 WL 2465031, at *1 n.5. The WC/EL policies in this suit are materially indistinguishable from those in *Bridgestone* and likewise are clear and unambiguous.

Defendants' Motions for Summary Judgment are GRANTED.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' Motions for Summary Judgment [Doc. Nos. 26 & 40] are GRANTED, and this case is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 14th day of December, 2010.

/s/ Robert G. James
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE